THOMAS EDWARD MILLS, SR. v. CITY OF NEW BERN, SELF-INSURED EMPLOYER, (GAB BUSINESS SERVICES, SERVICING AGENT)

No. COA95-695

(Filed 16 April 1996)

**Workers' Compensation § 171 (NCI4th)— police officer's fall while pursuing suspect—injury arising out of employment**

Because there was no dispute that plaintiff police officer's knee injury while chasing a suspect occurred in the course of his employment and because the Industrial Commission determined that the injury arose out of the employment, the Court of Appeals is bound to affirm the award to plaintiff; furthermore, even if plaintiff's preexisting knee condition contributed to the injury, plaintiff's fall while pursuing a fleeing suspect at night was a risk attributable to his employment and thus would be compensable.

**Am Jur 2d, Workers' Compensation §§ 275, 276.**

Appeal by defendant from Opinion and Award for the Full Commission filed 4 April 1995. Heard in the Court of Appeals 19 March 1996.

*Voerman & Carroll, P.A., by David P. Voerman, for plaintiff-appellee.*

*Maupin Taylor Ellis & Adams, P.A., by Jack S. Holmes and Brian D. Lake, for defendant-appellant.*

GREENE, Judge.

The City of New Bern (defendant) appeals from a 4 April 1995 opinion and award of the Industrial Commission (Commission) which reversed the deputy commissioner's decision, and awarded Thomas Edward Mills, Sr. (plaintiff) worker's compensation benefits for a knee injury.

It is undisputed that plaintiff, a police officer for defendant, received an injury to his left knee while chasing a suspect on 15 May 1993. It is further undisputed that plaintiff had two earlier left knee injuries, one in 1985, which required surgery, and one in 1989. As a result of plaintiff's earlier knee injuries, he suffered "knee plica, or, a fold in the lining of the knee, . . . medial scarring, . . . and patellar tendonitis [sic]" in his left knee. Defendant denied plaintiff's worker's

compensation claim for the 15 May 1993 left knee injury, stating that plaintiff's injury was "caused by an idiopathic condition, did not arise out of and in the course of his employment, and did not occur by accident."

Pursuant to N.C. Gen. Stat. § 97-85, plaintiff appealed from the deputy commissioner's decision denying plaintiff's claim for compensation. The evidence before the Commission consisted of plaintiff's testimony that he did not remember twisting his foot or anything which would have made him fall. He also testified that the ground and the sidewalk were uneven at the point where plaintiff fell and that he surmised that he fell when stepping onto this uneven area. Dr. Robert G. Blair, Jr., plaintiff's treating physician, testified that plaintiff's fall could have been caused by his knee going out or by stepping on the uneven area, which may then have caused his knee to give out.

The Commission determined that "[b]ecause risks attributable to plaintiff's employment, including running in the dark of night on uneven surfaces in pursuit of fleeing suspects, contributed to plaintiff's accident which resulted in the injury to plaintiff's knee, plaintiff's injury by accident also arose out of plaintiff's employment." "This is so even if an idiopathic condition - in this case, the alleged weakness in plaintiff's left knee - contributed to plaintiff's accident." The Commission finally awarded plaintiff "temporary total disability compensation for the periods of time during which plaintiff was unable to work."

The dispositive issue is whether the evidence in this record supports the determination of the Commission that the plaintiff's injury to his knee arose out of his employment.

The question of whether an injury "arises out of employment" is a mixed question of law and fact and our review is limited to whether "the findings and conclusions are supported by competent evidence." *Hoyle v. Isenhour Brick and Tile Co.*, 306 N.C. 248, 251, 293 S.E.2d 196, 198, *reh'g denied*, 306 N.C. 565, — S.E.2d — (1982). If not supported by competent evidence, the award cannot be upheld. *Horn v. Sandhill Furniture Co.*, 245 N.C. 173, 176, 95 S.E.2d 521, 523 (1956).

An injury arises out of the employment "when it occurs in the course of the employment and is a natural and probable consequence or incident of it, so that there is some causal relation between the accident and the performance of some service of the employment."

*Taylor v. Twin City Club*, 260 N.C. 435, 438, 132 S.E.2d 865, 868 (1963); N.C.G.S. § 97-2(6) (Supp. 1995).

When the employee's idiopathic condition is the sole cause of the injury, the injury does not arise out of the employment. *Vause v. Vause Farm Equip. Co.*, 233 N.C. 88, 92-93, 63 S.E.2d 173, 176 (1951). The injury does arise out of the employment if the idiopathic condition of the employee combines with "risk[s] attributable to the employment" to cause the injury. *Hollar v. Montclair Furniture Co.*, 48 N.C. App. 489, 496, 269 S.E.2d 667, 672 (1980). It is not necessary that the "risk attributable to the employment" be a risk greater than that experienced by the general public. *See Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 556, 117 S.E.2d 476, 478 (1960); 1 Arthur Larson, *The Law of Workmen's Compensation* § 6.40 (1995). In other words, if the employment "aggravated, accelerated, or combined with the [employee's preexisting] disease or infirmity to produce" the injury, that injury arises out of the employment. *Larson* § 12.21. When the cause of the injury is in doubt or unknown, the injury is sustained in the course of the employment and the Commission determines that the injury arose out of the employment, the award must be sustained. *Robbins v. Bossong Hosiery Mills, Inc.*, 220 N.C. 246, 248, 17 S.E.2d 20, 21 (1941); *Murray v. Associated Insurers, Inc.*, 114 N.C. App. 506, 518, 442 S.E.2d 370, 378 (1994), *rev'd on other grounds*, 341 N.C 712, 462 S.E.2d 490 (1995); *Larson* § 10.31(a) ("all injuries from neutral risks are compensable").

In this case, the cause of the injury is unknown. The plaintiff was unsure as to what caused him to fall, and Dr. Blair, the treating physician, was unable to identify the cause of the injury. Therefore, because there is no dispute that the injury occurred in the course of plaintiff's employment and because the Commission determined that the injury arose out of the employment, we are bound to affirm the award to the plaintiff. Even if the plaintiff's preexisting knee condition contributed to the injury, the plaintiff's fall while pursuing a fleeing suspect at night was a "risk attributable" to his employment and thus would be compensable.

We reviewed the other assignments of error asserted by the defendant and overrule them.

Affirmed.

Judge SMITH concurs.

Judge LEWIS concurs in the result only.