The Full Commission modifies this award on appeal and finds that the Plaintiff who suffered a compensable injury to his back February 20, 1995, is entitled to temporary total benefits through June, 1995, and medical expenses as are reasonably necessary to effect a cure, give relief, or lessen Plaintiff's disability.
The Full Commission is of the view that in this case where it has an equal opportunity to read, review, and evaluate the depositions of all of the medical testimony that was before the Deputy Commissioner that the testimony of the plaintiff's treating physician who saw the plaintiff almost monthly over the course of a year should be accorded greater weight than that of an orthopaedic surgeon who only saw plaintiff on one occasion.
In the instant case, the Deputy Commissioner found that the plaintiff suffered an injury arising from a specific traumatic incident, specifically, the lifting of several heavy boxes and a lawn ornament on February 20, 1995. The evidence of record fully supports such a finding and the Full Commission agrees.
An injury is compensable if said injury arises out of employment and materially accelerates or aggravates a pre-existing condition.Anderson v. Northwestern Motor Co., 233 N.C. 372, 64 S.E.2d 265
(1951); Wilder v. Barbour Boat Works, 84 N.C. App. 188,352 S.E.2d 690 (1987). In Vause v. Vause Farm Equipment Co.,233 N.C. 88, 63 S.E.2d 173 (1951), the Court held that
 By the weight of authority it is held that where a workman by reason of constitutional infirmities is predisposed to injuries while engaged in labor, nevertheless the leniency and humanity of the law permit him to recover compensation if the physical aspects of the employment contribute in some reasonable degree to bring about or intensify the condition which renders him susceptible to such accident and consequent injury . . . .
 It appears . . . that the better considered decisions adhere to the rule that where the accident and the resultant injury arise out of both the idiopathic condition of the workman and hazards incident to the employment, the employer is liable. But not so where the idiopathic condition is the sole cause of the injury.
As recently as April, 1996, the Court of Appeals, in the case of Mills v. City of New Bern, 122 N.C. App. 283, 468 S.E.2d 587
(1996), held that these principles apply to instances where disability is not permanent. The Court held; "In other words, if the employment `aggravated, accelerated or combined with the [employee's pre-existing] disease or infirmity to produce' the injury, that injury arises out of the employment." Id. at 285, citing 1 Arthur Larson, The Law of Workman's Compensation, § 12.21 (1995).
Upon review of all the competent evidence of record with reference to the errors assigned, and finding no good ground to rehear the parties or their representatives, the Full Commission AFFIRMS in part and REVERSES in part the Opinion and Award of the Deputy Commissioner, and RESERVES for further determination whether or not the plaintiff is entitled to any permanent partial disability benefits.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in a Pre-Trial Order dated February 27, 1996 as
STIPULATIONS
1. An employer-employee relationship existed between plaintiff and defendant-employer at the time of the alleged injury.
2. The parties were subject to and bound by the North Carolina Worker's Compensation Act at the time of the alleged injury.
3. Plaintiff's average weekly wage was $340.00.
4. The parties stipulated into evidence Industrial Commission Forms 18, 19, 33 and 33R, as well as medical records from the emergency room at Cape Fear Memorial Hospital, dated February 21, 1995; medical records from Doctor's Urgent Care, dated February 28, 1995, March 8, 1995, and March 13, 1995; a nine page summary of plaintiff's earnings from June, 1995 through January, 1996; and transcripts of recorded statements made by plaintiff.
* * * * * * * * * *
Based upon all of the competent evidence presented, the Full Commission makes the following
FINDINGS OF FACT
1. At the time of the alleged injury, plaintiff was a forty-five year old male with an Associates Degree in Human Services and past relevant work experience as a painter.
2. Plaintiff was hired by defendant-employer in February, 1995 as a painter and was working as a painter for defendant-employer on February 20, 1995.
3. As part of his work duties on February 20, 1995, plaintiff was required to move from five to six boxes weighing in the range of fifty (50) to one hundred (100) pounds and one cast concrete lawn ornament in order to complete a painting job. Plaintiff moved said items over the course of a forty-five minute to an hour time period.
4. As a result of the lifting and carrying of the boxes and lawn ornament, plaintiff began to experience severe low back pain, which was ultimately diagnosed as low back strain and which constituted a job-related injury by accident resulting directly from a specific traumatic incident.
5. As a result of his injury, plaintiff has sought treatment from Cape Fear Memorial Hospital, Doctor's Urgent Care, Dr. Mark Foster, and Dr. Hubert Eaton, Jr.
6. Plaintiff was released to return to light duty work by Dr. Mark Foster on March 28, 1995, but no light duty work was available through defendant-employer. Since June, 1995, plaintiff has earned wages in varying amounts as shown on Stipulated Exhibit 6 (Trans., pp. 51-59) from self-employment as a bail bondsman runner.
7. Prior to February 20, 1995, plaintiff experienced no low back pain or other low back symptoms that caused him to seek treatment or miss work.
8. On March 28, 1995, plaintiff was examined by Dr. Mark D. Foster, an orthopaedic surgeon. At that time, Dr. Foster diagnosed plaintiff with spondylolysis at L5-SI, spondylolisthesis, and degenerative disc disease, conditions that he believed were present prior to February 20, 1995.
9. However, the injury suffered by plaintiff and the resultant period of disability were not solely caused by plaintiff's pre-existing condition. Plaintiff's February 20, 1995 injury was a direct result of lifting and carrying heavy objects at work which materially aggravated his pre-existing condition and rendered his previously asymptomatic condition symptomatic.
10. Dr. Hubert A. Eaton, Jr., an internal medicine practitioner, began treating plaintiff March 18, 1995 and continued treating him almost monthly for a year. As plaintiff's treating physician, he evaluated his back pain after March 28, 1995 and attributed 50% due to the pre-existing condition and 50% due to the injury by accident which resulted from the specific traumatic incident which occurred February 20, 1995.
11. The medical treatment that plaintiff received from Dr. Hubert Eaton from April 18, 1995 through March 29, 1996, was reasonably required due to the February 20, 1995 incident.
12. No physician has found that plaintiff has reached maximum medical improvement nor has plaintiff been rated for any permanent partial disability arising from his compensable injury.
* * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. On February 20, 1995, Plaintiff suffered a compensable injury by accident as a direct result of a specific traumatic incident of the work assigned arising out of and in the course of his employment with defendant. N.C. Gen. Stat. § 97-2(6).
2. As a result of his compensable injury on February 20, 1995, Plaintiff was temporarily totally disabled from February 20. 1995 through May 31, 1995 and is entitled to temporary total disability compensation at the rate of $226.67 per week during that period. N.C. Gen. Stat. § 97-29.
3. As of June, 1995, plaintiff gained partial wage-earning capacity and is entitled to temporary partial disability compensation at the rate of two-thirds of the difference between his average weekly wages before his injury and the average weekly wages which he is able to earn after May 31, 1995. Plaintiff has not reached maximum medical improvement. N.C. Gen. Stat. §97-30.
4. Defendants shall pay all medical expenses incurred by plaintiff as a result of his compensable injury on February 20, 1995, including the medical expenses incurred as a result of his visits to Cape Fear Hospital, Doctor's Urgent Care, Dr. Mark D. Foster, and Dr. Hubert A. Eaton, Jr. N.C. Gen. Stat. § 97-25.
5. The Plaintiff is entitled to payment by Defendant of all medical compensation expenses incurred or that may hereafter be reasonably incurred as a result of his injury to the extent such treatment tends to effect a cure, give relief, or lessen Plaintiff's disability, including the cost of the examination and any necessary tests pursuant thereto set forth in the Order below, when the bills for same have been submitted to the Defendants and approved in accordance with the rules of the Commission. N.C. Gen. Stat. §§ 97-2(19), and 97-25.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall pay temporary total disability compensation to plaintiff at the rate of $226.67 per week, from February 20, 1995 through May 31, 1995.
2. Defendants shall pay temporary partial disability compensation at varying rates to plaintiff from June 1, 1995, and continuing at a rate equal to two-thirds of the difference between plaintiff's average weekly wages before his injury and the average weekly wages which he is able to earn.
3. The Commission reserves to a later determination the award of any permanent partial disability for which the Plaintiff may be entitled as plaintiff has not reached maximum medical improvement.
4. Defendants shall pay all medical expenses incurred or to be incurred by plaintiff as a result of his compensable injury on February 20, 1995, to the extent such treatment tends to effect a cure, give relief, or lessen Plaintiff's disability when the bills for same have been submitted to the Defendant and approved in accordance with the rules of the Commission, including the cost of a medical examination by Dr. Eaton to determine whether or not Plaintiff has sustained any permanent partial disability and, if so, to provide a rating on this disability.
5. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff herein is approved for plaintiff's counsel and shall be paid as follows: Twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel.
6. The Defendants shall pay the costs.
* * * * * * * * * * *
ORDER
It is herewith ORDERED that the plaintiff shall be examined by Dr. Eaton within the next thirty days to determine if he has sustained any permanent partial disability resulting from the injury of February 20, 1995, and, if so, to provide a rating with respect thereto. This determination shall be reported to the Full Commission within sixty days of this ORDER by stipulated medical records or deposition testimony.
 S/ _________________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ __________________ COY M. VANCE COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER