RICHARD A. JANNEY, JR., EMPLOYEE, PLAINTIFF-APPELLEE v. J.W. JONES LUMBER
COMPANY, INC., EMPLOYER, EBI COMPANIES, CARRIER, DEFENDANT-APPELLANTS

No. COA00-494

(Filed 7 August 2001)

**Workers' Compensation— unexplained fall—*Pickrell* presumption inapplicable—injury arising out of employment—insufficient findings**

The Industrial Commission erred by concluding that plaintiff's unexplained fall which caused an injury to his ear arose out of his employment as a lumber grader and by awarding compensation to plaintiff because: (1) the Commission found no valid risk attributable to plaintiff's employment that influenced plaintiff's injury; (2) the *Pickrell* presumption of compensability does not apply to an unexplained injury not resulting in death even though plaintiff cannot remember the details of his accident; and (3) even if the *Pickrell* presumption applied, defendant employer presented sufficient evidence to rebut the presumption by offering evidence that plaintiff's fall was due to a seizure or syncope with no work-related cause, which required the Commission to weigh the evidence and make appropriate findings of fact, but the Commission failed to do so. Therefore, the case is remanded for findings as to whether plaintiff's fall resulted from an idiopathic condition and, if so, whether the risks attributable to plaintiff's employment contributed to the fall.

Chief Judge EAGLES dissenting.

Appeal by defendants from opinion and award entered 31 January 2000 by the North Carolina Industrial Commission. Heard in the Court of Appeals 14 May 2001.

*The Twiford Law Firm, L.L.P., by Branch W. Vincent, III, for plaintiff-appellee.*

*Cranfill, Sumner & Hartzog, L.L.P., by Jaye E. Bingham, for defendant-appellants.*

McGEE, Judge.

Defendants appeal an opinion and award by the North Carolina Industrial Commission (Commission) awarding workers' compensation payments to plaintiff for an injury to plaintiff's ear sustained

while working for defendant employer. Plaintiff testified that he had worked as a lumber grader for defendant employer for some four years prior to the injury. Plaintiff's job entailed sitting or standing before a set of chains which carried boards to be graded. A console to control the chains was located behind plaintiff, and plaintiff had to turn around to stop the chains with the console.

Plaintiff testified that, on 19 January 1998, he remembered waiting for a board to come, and the next thing he remembered was lying on the floor of the grading booth, hearing his supervisor calling his name. Plaintiff had no memory of hitting his head on the console or of hitting the floor. When he regained consciousness, plaintiff was lying on his right side, and his left ear was purple and painful. Asked if he could recall whether he had landed face first or on his side, plaintiff answered:

The only thing I can come up with is when I was sitting, I was sitting on a stool. And the only way it could have happened was me [sic] to fall towards the left, onto the console, and then onto the floor. That's the only way I believe it could have happened.

But plaintiff testified he had no actual recollection of how he had ended up on the floor. Plaintiff had no history of falling down and had no idea why he had done so that day.

Defendant employer's vice-president for administration testified that he was summoned by plaintiff's supervisor shortly after plaintiff fell, and that when he arrived plaintiff was lying on his stomach but moving his head and talking to the supervisor. None of plaintiff's co-workers had seen plaintiff fall. The last board plaintiff had graded was two to three feet from where plaintiff had been standing, which meant that the chains had been stopped a matter of minutes after plaintiff fell. The chains could have been stopped by plaintiff hitting the console as he fell, or by a co-worker when plaintiff was found shortly after his fall. None of plaintiff's co-workers were asked whether they had turned off the chains.

The neurologist who examined plaintiff after the fall testified by deposition that plaintiff's sudden loss of consciousness, combined with the fact that plaintiff had bitten his tongue when he fell, strongly suggested that plaintiff had suffered a seizure. The neurologist believed that plaintiff's diabetes and high blood sugar, as well as possible heart palpitations, might have increased the risk of a seizure, but he could not attribute a seizure to plaintiff's medical conditions

alone. A blow to the head could have caused a seizure, but such a blow would have had to occur before plaintiff fell. The neurologist pointed out that fifty percent of seizures have no determined cause.

The neurologist testified that, if plaintiff did not suffer a seizure, he suffered a syncope, a brief loss of consciousness, eighty to ninety percent of which have no determined cause. The neurologist also concluded that the injury to plaintiff's ear did not in itself indicate that plaintiff hit something before he hit the floor but could very well have been caused by his ultimate contact with the floor.

To be compensable under the North Carolina Workers' Compensation Act, an employee's injury must be "by accident arising out of and in the course of the employment[.]" N.C. Gen. Stat. § 97-2(6) (1999). A claimant must therefore prove three elements: accident, arising out of, and in the course of employment. *See Hollar v. Furniture Co.*, 48 N.C. App. 489, 490, 269 S.E.2d 667, 669 (1980). In the present case, the Commission held, and defendants do not dispute, that plaintiff's fall itself was the unusual and unforeseen occurrence that is the accident. Similarly, there is no dispute that, given the time and place of plaintiff's injury, the injury occurred in the course of plaintiff's employment. *See id.*

The issue on appeal, therefore, is whether plaintiff's injury arose out of plaintiff's employment. "Where any reasonable relationship to the employment exists, or employment is a contributory cause, the court is justified in upholding the award as 'arising out of employment.' " *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (1960) (citations omitted). "An accident has a reasonable relationship to the employment when it is the result of a risk or hazard incident to the employment." *Harless v. Flynn*, 1 N.C. App. 448, 455, 162 S.E.2d 47, 52 (1968). "When the employee's idiopathic condition is the sole cause of the injury, the injury does not arise out of the employment. The injury does arise out of the employment if the idiopathic condition of the employee combines with 'risk[s] attributable to the employment' to cause the injury." *Mills v. City of New Bern*, 122 N.C. App. 283, 285, 468 S.E.2d 587, 589 (1996) (citations omitted).

"The question of whether an injury 'arises out of employment' is a mixed question of law and fact and our review is limited to whether 'the findings and conclusions are supported by competent evidence.' " *Id.* at 284, 468 S.E.2d at 589 (citation omitted). The Commission found that plaintiff, as a lumber grader,

**JANNEY v. J.W. JONES LUMBER CO.**

[145 N.C. App. 402 (2001)]

would sit on a stool in close proximity to a passing conveyor and with a control console immediately behind him. From that stool, plaintiff would have to lean forward to grade and mark the boards as they pass by on a conveyer and lean back to access the control console. The Full Commission finds that this aspect of plaintiff's employment subjects him to a peculiar hazard to which the public is not generally exposed.

The Commission found that, on 19 January 1998, plaintiff was grading boards when he fell off his stool, struck his head on the control console, and lost consciousness. The Commission made no finding as to the cause of plaintiff's fall or whether an idiopathic condition contributed to the fall. Based on its findings of fact, the Commission concluded that, even if plaintiff's fall was due in part to an idiopathic condition, the fall was also a result of the risks attributable to his employment. The Commission further concluded that plaintiff was entitled to a presumption of compensability under *Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 368 S.E.2d 582 (1988). The Commission therefore awarded plaintiff compensation for his injury.

The Commission's finding of fact that plaintiff's work entailed leaning over boards to grade them and leaning back to access the control console is unsupported by competent evidence. In describing his job as a lumber grader, plaintiff made no mention of leaning over the boards to grade them, and specifically stated that he would turn around, not lean backwards, to reach the console behind him if he needed to stop the chains. Consequently, the Commission's finding that plaintiff's job requirement to lean forward and back subjected him to a peculiar hazard is likewise unsupported by competent evidence. Because the Commission found no valid risk attributable to plaintiff's employment that influenced plaintiff's injury, plaintiff is not entitled to compensation if his fall was otherwise due to an idiopathic condition. *See, e.g., Vause v. Equipment Co.*, 233 N.C. 88, 63 S.E.2d 173 (1951).

In the alternative, the Commission concluded that plaintiff was entitled to a presumption of compensability under *Pickrell*. In *Pickrell*, our Supreme Court held that a claimant for workers' compensation death benefits is entitled to a presumption that an unexplained injury resulting in death is compensable. The Supreme Court considered such a presumption fair because

[e]mployers may be in a better position than the family of the decedent to offer evidence on the circumstances of the death.

Their employees ordinarily are the last to see the decedent alive, and the first to discover the body. They know the decedent's duties and work assignments.

*Pickrell*, 322 N.C. at 370, 368 S.E.2d at 586. The same cannot be said for an employee who has survived his injury, even an employee who cannot remember the details of his accident. In the present case, there is no reason to believe that defendant employer could have known any more about the circumstances of plaintiff's fall than did plaintiff himself. Because we see no potential inequality of information, we decline to adopt the *Pickrell* presumption in this workers' compensation case not resulting in death.

Moreover, even were a *Pickrell* presumption applicable to the present case, defendants offered evidence that plaintiff's fall and injury were due to a seizure or syncope with no work-related cause. The *Pickrell* presumption shifts the burden of proving compensability from the plaintiff to the defendant, but it does not eliminate the Commission's duty to weigh all of the evidence before it and make appropriate findings of fact. *Id.* at 371, 368 S.E.2d at 586. A defendant is entitled to rebut a *Pickrell* presumption. *See Bason v. Kraft Food Serv., Inc.*, 140 N.C. App. 124, 128, 535 S.E.2d 606, 609 (2000). We believe that defendants presented sufficient evidence to rebut a *Pickrell* presumption, requiring the Commission to weigh the evidence and make appropriate findings of fact. The Commission did not do so.

Finally, defendants argue that the Commission's conclusion that plaintiff hit his head on the control console as he fell is also unsupported by competent evidence. But while there is no direct evidence that plaintiff hit the console as he fell, there is evidence by which the Commission could reasonably infer that such contact occurred. However, the question of whether plaintiff struck the control console as he fell has no bearing on the issue of the compensability of plaintiff's injury. What happened after plaintiff fell has no effect on the determination of what caused plaintiff to fall in the first place. In addition, there is no evidence by which the Commission could find on remand that the presence of the console, alone, created a peculiar hazard causally related to plaintiff's injury. Plaintiff's neurosurgeon specifically testified that plaintiff's ear injury was no particular indication of contact with the console, indicating that the presence of the console had no aggravating effect on plaintiff's injury.

**JANNEY v. J.W. JONES LUMBER CO.**

[145 N.C. App. 402 (2001)]

"The basic rule, on which there is now general agreement, is that the effects of such a fall are compensable if the employment places the employee in a position *increasing the dangerous effects of a fall*, such as on a height, near machinery or sharp corners, or in a moving vehicle."

*Allred* at 557, 117 S.E.2d at 479 (citation omitted) (emphasis added and removed).

We therefore hold that the Commission's conclusion that plaintiff's injury is compensable is unsupported by its findings of fact. We reverse the Commission's opinion and award and remand to the Commission for further findings of fact. The Commission must determine whether plaintiff's fall resulted from an idiopathic condition, or whether the cause of the fall is unexplained. If an idiopathic condition played a role in the fall, plaintiff is entitled to compensation only if risks attributable to his employment contributed to the fall. *See Mills, supra.* If the Commission concludes that the cause of the fall remains unexplained, the Commission may award compensation only if it finds falling while grading boards to be a risk or hazard incident to plaintiff's employment. *See Robbins v. Hosiery Mills*, 220 N.C. 246, 248, 17 S.E.2d 20, 21 (1941).

Reversed and remanded.

Judge TYSON concurs.

Chief Judge EAGLES dissents.

EAGLES, Chief Judge, dissenting.

I respectfully dissent. Our Courts have not previously applied the *Pickrell* presumption to a non-death case. However, consistent with the historically liberal interpretation of the Workers' Compensation Act, I believe that the rationale supporting the *Pickrell* presumption is also applicable here. *See Adams v. AVX Corporation*, 349 N.C. 676, 680, 509 S.E.2d 411, 413 (1998) (citing *Hollman v. City of Raleigh*, 273 N.C. 240, 252, 159 S.E.2d 874, 882 (1968)). The majority notes that the *Pickrell* Court considered the presumption fair in part because "[e]mployers may be in a better position than the family of the decedent to offer evidence on the circumstances of the death." *Pickrell*, 332 N.C. at 370, 368 S.E.2d at 586. The majority, however, declines to adopt the presumption here reasoning that "[t]he same cannot be said

for an employee who has survived his injury, even an employee who cannot remember the details of his accident." I disagree.

The record indicates that the nature of plaintiff's injury prevented him from offering any relevant testimony as to the cause or circumstances surrounding his injury. The plaintiff had no recollection of the events leading up to and resulting in his injury. Plaintiff testified that "[a]ll I can say is one minute I was grading boards and then the next minute I was hearing my supervisor calling my name." Plaintiff could not remember feeling ill, falling or striking his head. Dr. Lloyd Hitchings testified that "it was like a typical light switch. I'm minding my own business, doing my job and then wham—I wake up and there's the ambulance looking at me." This evidence shows that the nature of plaintiff's injury, like the deceased plaintiff, prevents him from offering testimony supporting his claim. Accordingly, I vote to apply the *Pickrell* presumption to factual situations like this one.

Though my research has not disclosed a case where our Courts have determined whether or not this presumption may be applied in a non-death context, I would hold that the plain language in *Pickrell* allows for application in non-death cases. In crafting this presumption, the Supreme Court stated the rule as follows:

> In the absence of evidence to the contrary, the presumption or inference will be indulged in that **injury** or death arose out of employment where the employee is **found injured at the place where his duty may have required him to be, or** where the employee is found dead under circumstances indicating that death took place within the time and space limits of the employment. . . . Such presumptions are rebuttable and they disappear on the introduction of evidence to the contrary.

*Pickrell v. Motor Convoy, Inc.*, 322 N.C. 363, 367, 368 S.E.2d 582, 584 (1988) (quoting 100 C.J.S. *Workmen's Compensation* § 513 (1958) (emphasis added)). By using this language, the Supreme Court clearly indicates that there are situations other than death cases where a presumption would be appropriate. I believe that the facts here present this type of occasion. Accordingly, I would apply *Pickrell* to plaintiff's claim.

The majority also holds that plaintiff's claim would fail even with the benefit of the *Pickrell* presumption. According to the majority, the defendants offered evidence that the plaintiff fell due to a seizure or a syncope. Further, the majority holds that the "question of

whether plaintiff struck the control console as he fell has no bearing on the issue of the compensability of plaintiff's injury." Again, I disagree.

Our Courts have consistently held that "the effects of such a fall are compensable if the employment places the employee in a position increasing the dangerous effects of a fall, such as on a height, *near machinery* or sharp corners or in a moving vehicle." *Allred v. Allred-Gardner, Inc.*, 253 N.C. 554, 557, 117 S.E.2d 476, 479 (1960) (emphasis added). Notably, the majority concedes that there was sufficient evidence for the Commission to find that plaintiff had hit his head on the control console and the Commission made findings to that effect. Findings of fact made by the Industrial Commission "are conclusive on appeal when supported by competent evidence, even though there be evidence that would support findings to the contrary." *Russos v. Wheaton Indus.*, 145 N.C. App. 164, 166, 551 S.E.2d 456, 458 (2001) (citation omitted). In its discussion, the majority seems to hold that the plaintiff's injury may be compensable only if the plaintiff fell due to striking his head on the control console. However, our case law shows that so long as the employment places the employee "in a position increasing the dangerous effects of a fall," the injury is compensable. *Allred*, 253 N.C. at 557, 117 S.E.2d at 479. Here, the employee was required to sit on a stool near the conveyor line with the control console behind him. There was competent evidence to show that plaintiff fell and hit his head on that console. Therefore, plaintiff's employment here exposed him to increased dangers from a potential fall.

For these reasons I would affirm the opinion and award of the Industrial Commission.