The majority in this case denies benefits to a worker who fell while descending a ladder as he was working. I respectively dissent.
In the case at hand plaintiff fell while descending a 6-foot stepladder backwards. Plaintiff either missed the last rung and/or hyperextended his knee reaching for or placing his foot on the ground. It is long-standing black-letter law that unexplained falls are compensable in North Carolina. Robbins v. Bossong Hosiery Mills, 220 N.C. 246 (1941) (holding compensable the fall of a textile worker who inexplicably fell as she tended her machine). Our Supreme Court has ruled that there need not be an unusual or unforeseen occurrence leading up to a fall for it to be compensable. The unexplained fall itself is the unusual, unforeseen occurrence. Taylor v. Twin City Club, 260 N.C. 435 (1963).
The exceptional North Carolina cases that deny benefits for an unexplained fall virtually always involve a plaintiff with a preexisting infirmity that caused the fall, a fall caused by an external force unrelated to employment, or a fall caused by a hazard common to the public. None of these situations apply to the case at hand.
In descending the ladder, having just performed a task related to the installation of a drop ceiling, the plaintiff was acting in the course and scope of his employment. Furthermore, descending a stepladder backwards is clearly a risk associated with plaintiff's job not shared by the general public. In Mills v. City of New Bern, 122 N.C. App. 283
(1996), the North Carolina Court of Appeals held compensable a fall suffered by a police officer as he chased a suspect on uneven ground. TheMills Court held this fall compensable even though plaintiff could not explain what caused him to fall and plaintiff's doctor could not say what caused the injury.
The majority's decision presents a serious departure from well-established North Carolina law. I respectfully dissent.
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER