796 S.E.2d 150

William Lee TURNER, Employee, Appellant,

v.

SAIIA CONSTRUCTION, Employer, and Old Republic General
Insurance Corporation c/o Gallagher Bassett Services,
Inc., Carrier, Respondents.

**Appellate Case No. 2014-002416**
**Opinion No. 5458**

Court of Appeals of South Carolina.

Heard June 9, 2016
Filed December 7, 2016
Rehearing Denied February 21, 2017

Preston F. McDaniel, of McDaniel Law Firm, of Columbia, for Appellant.

Jason Wendell Lockhart and Helen Faith Hiser, both of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondents.

LOCKEMY, C.J.:

William Lee Turner appeals the Appellate Panel of the South Carolina Workers' Compensation Commission's (the Commission) decision and order denying him benefits under the Workers' Compensation Act (the Act). Turner argues the Commission erred in: (1) failing to apply the presumption that his injury arose out of and in the course of employment; (2) affirming the single commissioner's findings of fact; (3) finding he did not establish a cause for his accidental injury; and (4) allowing Respondents [1] to draft the Commission's order. We affirm.

## FACTS

Turner began working for SAIIA Construction Company as a heavy equipment operator in 2007. Turner's alleged accident occurred on April 19, 2012, when his co-workers found him lying on his back next to his dump truck. Turner testified he had no memory of the accident or how it happened. Paul Barnette and David Bolden, Turner's co-workers, testified they never saw Turner in or on the truck prior to his fall. However, Turner testified both of his co-workers saw him "up in the truck" at some point before he fell.

Barnette testified that at the end of the work day Turner washed his truck, which was typically done with a high pressure washer. Turner then went into a building adjacent to the wash area to do some paperwork and retrieve his back-pack and Barnette's cooler. After Turner left the building, Bolden exited a trailer called "the hut" and walked over to Barnette. They were talking for some time when they noticed Turner lying on his back next to the cab of his truck. Barnette and Bolden found Turner lying on his back on the ground with his arms outstretched and his palms up. Although Barnette could not say for certain how long Turner was lying on the ground before they saw him, he estimated it would not have

---

1. SAIIA Construction Company and Old Republic General Insurance Corp., c/o Gallagher Bassett Services, Inc., are the Respondents in this matter (collectively, Respondents).

been more than three or four minutes. Barnette's cooler and Turner's backpack were found lying on the seat of the truck and the truck's door was still open. Bolden testified, "I never saw [Turner] on the steps of the truck," but only "standing on the ground, placing the [cooler] on the truck, I did not see him on the steps."

Turner was taken to Palmetto Health Richland, where he was provided emergency treatment and admitted. Turner was diagnosed with a small subdural hemorrhage, intraparenchymal contusion left lobe, and an endplate compression deformity of T3 and T4. His discharge diagnosis included a small subdural hemorrhage and T3 to T4 endplate fractures; however, CT scans showed Turner did not fracture his skull.

At a follow-up appointment, Dr. James Selph noted Turner, "has a history of back pain and in fact was taking Ultram prior to his fall." All of Turner's remaining follow-up treatment was with Dr. Peterson, his family doctor.

On March 27, 2012, a few weeks before his accident, Turner sought medical care for his lower back, which he injured lifting logs while working on a house he was building. He was prescribed Ultram 50MG two times daily and Flexeril 5MG two times daily. On April 16, 2012, three days before his accident, Turner sought medical care again complaining of both lower and upper back pain. Turner was then prescribed Ultram 100MG two times daily and Neurontin 300MG three times daily. On April 17, 2012, two days before his accident, Turner was seen at Palmetto Health Baptist Emergency Department with complaints of vomiting, diarrhea, and suspicion of dehydration. James Speegle, Turner's supervisor at the time of the injury, testified Turner was complaining about not feeling well a couple days before his fall. Speegle recommended Turner take a few days off.

Turner filed a Form 50 on November 25, 2013, alleging he suffered a compensable injury to his back, head, and thoracic spine. Respondents filed a Form 51, denying Turner's injuries were the result of an accident that arose out of and in the course and scope of employment. The parties were heard by the single commissioner on February 4, 2014. In an April 14, 2014 order, the single commissioner found "[Turner] failed to carry his burden of proving that he sustained a compensable

injury by accident within the course and scope of his employment with the [Respondents] on April 19, 2012." The single commissioner also found Turner's alleged accident was unwitnessed and that he did not remember anything that happened on April 19, 2012, or the day after, and that co-workers found Turner lying on his back next to his truck. The single commissioner further found Turner was impeached at least twice. The single commissioner concluded Turner failed to meet his burden of proving a compensable injury and denied any benefits or medical treatment associated with his alleged accident.

Turner filed a Form 30 raising eleven points of appeal. Following oral arguments, the Commission issued its decision on October 10, 2014, affirming the single commissioner's order in its entirety. In addition, the Commission set forth its standard of review, and responded to Turner's reliance on prior case law. Turner relied on *Packer v. Corbett Canning Co.*, 238 S.C. 431, 120 S.E.2d 398 (1961) and *Owens v. Ocean Forest Club*, 196 S.C. 97, 12 S.E.2d 839 (1941), to establish he suffered from a compensable work related accident due to the unexplained death or injury presumption. The Commission found that because Turner was found on the ground and could not remember or testify as to how he fell, and there were no witnesses to the accident, the presumption could not be applied to establish the accident arose out of his employment. The Commission held Turner failed to meet his burden of proving a compensable injury by accident within the course and scope of his employment and denied him any benefits under the Act. This appeal followed.

**STANDARD OF REVIEW**

On appeal from an appellate panel of the Workers' Compensation Commission, this court can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record. *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). "The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture or speculation." *Crisp v. SouthCo.*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013). In a workers' compensation case, the appellate panel is the ultimate fact-finder. *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619,

622, 594 S.E.2d 272, 273 (2004). However, when there are no disputed facts, the question of whether an accident is compensable is a question of law. *Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 872 (2007). "[W]orkers' compensation law is to be liberally construed in favor of coverage in order to serve the beneficent purpose of the [Workers' Compensation] Act; only exceptions and restrictions on coverage are to be strictly construed." *James v. Anne's Inc.*, 390 S.C. 188, 198, 701 S.E.2d 730, 735 (2010).

## LAW/ANALYSIS

### I. Presumption

Turner argues the Commission erred as a matter of law by failing to apply the unexplained death presumption. We disagree.

█ For an accidental injury to be compensable, it must "aris[e] out of and in the course of employment." S.C. Code Ann. § 42-1-160(A) (2015). An injury arises out of employment if it is proximately caused by the employment. *Douglas v. Spartan Mills, Startex Div.*, 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965).

█ The unexplained death presumption is

a natural presumption, or a presumption of fact, that one charged with the performance of a duty and injured while performing such duty, or found injured where his duty required him to be, is injured in the course of, and as a consequence of, his employment.

*Jennings v. Chambers Dev. Co.*, 335 S.C. 249, 255–56, 516 S.E.2d 453, 456–57 (Ct. App. 1999) (quoting *Packer*, 238 S.C. at 436, 120 S.E.2d at 400). "The presumption is applied simply to establish that the injury occurred in the course of and as a consequence of employment. The presumption cannot be applied to establish the incident of accident." *Id.*

█ We disagree with Turner's assertion that the unexplained death presumption should apply in cases where the employee survives the injury but has no memory of the events leading up to the injury. Turner failed to cite any South Carolina case law extending the presumption, heretofore applied only in death cases, to cases where the employee sur-

vives but has no memory of the injury. In addition, we note other states, including North Carolina, have limited the presumption to cases where the employee is deceased and have refused to apply it where the employee is alive but has no memory of the injury. *See Janney v. J.W. Jones Lumber Co.*, 145 N.C.App. 402, 550 S.E.2d 543, 546 (2001) (declining to adopt the unexplained death presumption in a workers' compensation case not resulting in death). "Because South Carolina workers' compensation law is fashioned after North Carolina's statute, our courts often rely on North Carolina precedent for guidance in interpreting the South Carolina Workers' Compensation Act." *Hernandez–Zuniga v. Tickle*, 374 S.C. 235, 248–49, 647 S.E.2d 691, 698 (Ct. App. 2007).

We particularly find persuasive the North Carolina Court of Appeals' reasoning in declining to extend the presumption beyond those cases which result in death. With facts very similar to the instant case, a lumber grader in *Janney* was waiting on a board to grade and soon found himself lying on the grading booth floor with an injury to his head. *Id.* at 545. The employee testified that, when he regained consciousness, he had no memory of hitting his head on the grading console or the floor. *Id.* In awarding benefits, the workers' compensation commission found the employee was entitled to the unexplained death presumption of compensability. *Id.* at 546.

On appeal, the North Carolina Court of Appeals reversed the commission's application of the unexplained death presumption in the case. *Id.* The court explained the underlying purpose of the presumption is fairness because employers, rather than a decedent's family, are in a better position to offer evidence surrounding the employee's death. *Id.* Employers and their employees are often the last to see the decedent alive, the first to discover the body, and are familiar with the decedent's work duties. *Id.* In a case of an unexplained injury where the claimant survives but has no memory of the injury's details, however, no "inequality of information" exists because the employer does not know any more about the circumstances of the claimant's injury than did the claimant himself. *Id.*

Even if we were to extend the presumption in the present case, we find the employer presented sufficient evi-

dence that Turner had very recent, non-work-related preexisting back conditions and rebutted such presumption. Upon our review of the Commission's final order, we believe the Commission weighed this competent evidence in its finding that Turner's alleged injury to his back at the job site did not arise out of his employment. Therefore, we affirm on this issue.

## II. Findings of Fact

Turner argues the Commission erred in affirming the following findings of fact made by the single commissioner: (1) Turner suffered a work related accident on April 19, 2012; (2) Turner's age; (3) Turner is a high school graduate; (4) Turner remembered nothing about the day before the accident, the day of the accident, and the day after the accident; (5) the alleged accident was unwitnessed; and (6) no witnesses claimed to have seen Turner's alleged accident. Initially, we note that under our standard of review, this court cannot weigh the evidence on questions of fact because the Commission is the ultimate fact finder. Furthermore, we find Turner's argument is without merit because the findings of fact are all supported by substantial evidence in the record. Thus, we hold the Commission did not err in affirming the single commissioner's findings of fact. *See Matute v. Palmetto Health Baptist*, 391 S.C. 291, 294, 705 S.E.2d 472, 474 (Ct. App. 2011) ("When reviewing an appeal from the Workers' Compensation Commission, this court may not weigh the evidence or substitute its judgment for that of the [Commission] as to the weight of evidence on questions of fact.").

## III. Arising Out of Employment

■ Turner argues the Commission erred in finding he failed to meet his burden of proving he suffered a compensable injury by accident within the course and scope of his employment. We disagree.

■ For an accidental injury to be compensable, it must "aris[e] out of and in the course of employment." S.C. Code Ann. § 42-1-160(A) (2015). " 'Arising out of' refers to the injury's origin and cause, whereas 'in the course of' refers to the injury's time, place, and circumstances." *Osteen v. Greenville Cty. Sch. Dist.*, 333 S.C. 43, 50, 508 S.E.2d 21, 24 (1998).

For an injury to arise out of employment, there must be "a causal connection between the conditions under which the work is required to be performed and the resulting injury." *Grant*, 372 S.C. at 201, 641 S.E.2d at 871.

An unexplained fall is generally not compensable unless the employment contributed to either the cause or the effect of the fall. *Bagwell v. Ernest Burwell, Inc.*, 227 S.C. 444, 452–53, 88 S.E.2d 611, 614–15 (1955). The causative danger "need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence." *West v. All. Capital*, 368 S.C. 246, 252, 628 S.E.2d 279, 282 (Ct. App. 2006) (quoting *Douglas*, 245 S.C. at 269, 140 S.E.2d at 175). "The burden is on the claimant to prove such facts as will render the injury compensable, and such an award must not be based on surmise, conjecture or speculation." *Crosby v. Wal–Mart Store, Inc.*, 330 S.C. 489, 496, 499 S.E.2d 253, 257 (Ct. App. 1998). "A liberal construction of the evidence cannot be substituted for failure of proof of any essential element of the claim; and the preponderance of evidence rule has been held not to require, as a matter of law, that doubts arising from the evidence be resolved in favor of one party or the other." *Cross v. Concrete Materials*, 236 S.C. 440, 446–47, 114 S.E.2d 828, 832 (1960) (quoting 100 C.J.S. *Workmen's Compensation* § 547(7), pp. 602, 603).

In *Crosby*, a Wal-Mart employee sought benefits for injuries she sustained when she fell at work. 330 S.C. at 490, 499 S.E.2d at 254. The claimant testified she fell while walking through the store on the way to a meeting. *Id.* She stated, "I was just walking on the floor and my feet went from under me." *Id.* This court determined the claimant's fall was an unexplained fall. We stated, "there was no evidence offered in the case at hand as to what caused [the claimant] to fall. It would be wholly conjectural to say under the evidence presented that [the claimant's] employment was a contributing cause of her injury." *Id.* at 495, 499 S.E.2d at 256. This court further reasoned that, while the fall was unexplained, there was an apparent lack of work connection and an implication of a pre-existing physical condition. *Id.* at 496, 499 S.E.2d at 257. This court concluded there was substantial evidence to support the Commission's finding that claimant failed to show a causal connection between her fall and her employment. *Id.*

In *Barnes v. Charter 1 Realty*, 411 S.C. 391, 398, 768 S.E.2d 651, 654 (2015), our supreme court found a causal connection between the claimant's injury and employment where the claimant was performing a work-related task (walking to check another employee's email) when she tripped and fell. The court held the claimant "clearly established that she was performing her job when she sustained an accidental injury." *Id.* at 399, 768 S.E.2d at 655. In a dissenting opinion, Justice Pleicones asserted "[w]here the claimant presents no evidence as to what caused the fall, it is wholly conjectural to say that 'employment was a contributing cause of [claimant's] injury.'" *Id.* at 400, 768 S.E.2d at 655. Further, because claimant failed to present evidence that her employment caused her fall, she failed to meet the "arises out of employment" component required to prove a compensable injury. *Id.* Justice Pleicones noted South Carolina denies compensation for unexplained falls, and absent special conditions or circumstances, a level floor cannot cause an accident. *Id.*

In *Nicholson v. South Carolina Department of Social Services*, 411 S.C. 381, 383, 390, 769 S.E.2d 1, 2 (2015), the claimant was walking down a hallway to a work-related meeting when she scuffed her foot on the carpet and fell. The supreme court found:

Nicholson was at work on the way to a meeting when she tripped and fell. The circumstances of her employment required her to walk down the hallway to perform her responsibilities and in the course of those duties she sustained an injury. We hold these facts establish a causal connection between her employment and her injuries—the law requires nothing more. Because Nicholson's fall happened at work and was not caused by a condition peculiar to her, it was causally connected to her employment. Therefore, her injuries arose out of her employment as a matter of law and she is entitled to workers' compensation.

*Id.* at 390, 769 S.E.2d at 5–6. In a concurring opinion, Justice Pleicones stated the majority erred in absolving the petitioner of her obligation to present evidence that her unexplained fall was the result of special conditions or circumstances. *Id.* at 391, 769 S.E.2d at 6. He concluded it is not enough that a claimant show that she fell while at work but rather, when the

fall occurs on a level surface, that she present evidence to explain her fall. *Id.*

We hold substantial evidence supports the Commission's finding that Turner failed to establish a causal connection between his unexplained fall and his employment. *See Bagwell*, 227 S.C. at 452–53, 88 S.E.2d at 614–15 (stating that an unexplained fall is generally not compensable unless the employment contributed to either the cause or the effect of the fall).

Turner was found lying on his back next to his truck; however, he had no recollection of the event and could not describe the circumstances regarding the fall. Turner's co-workers testified they did not see him fall, and only found him after he was lying on the ground. Further, despite Turner testifying his co-workers saw him on the steps of his truck, Bolden testified he never saw Turner on the steps and only found him on the ground after a few minutes. Here, unlike in *Barnes* and *Nicholson*, we cannot determine what Turner was doing at the time of his alleged accident. Although Turner was at work when he fell, no evidence indicates his employment contributed to the cause of his fall. As set forth above, the burden is on Turner to establish facts showing his injury is compensable. *See Crosby*, 330 S.C. at 496, 499 S.E.2d at 257 ("The burden is on the claimant to prove such facts as will render the injury compensable, and such an award must not be based on surmise, conjecture or speculation."). Accordingly, the Commission did not err in finding Turner failed to meet his burden of proving he suffered a compensable injury by accident within the course and scope of his employment.

## IV. Drafting the Order

Turner argues the Commission erred in allowing Respondents to draft their own findings of fact and conclusions of law addressing the issues raised for review. We disagree.

In a letter to all counsel, the Commission stated, "This document is not an Order. It is a request for a proposed Order. The undersigned reserves the right to modify or delete any portion of this document." The letter goes on to include instructions stating:

> [Respondents] to prepare proposed Order unless otherwise agreed upon by the parties. Proposed Order shall include

**VERBATIM** Findings of Fact attached hereto, **unless there is a mistake, in which case, it may be corrected. ATTORNEYS ARE RESPONSIBLE FOR PROOFING ORDERS PRIOR TO SUBMISSION.** Any other Findings of Fact not inconsistent with those attached hereto may also be included.

Here, the Commission asked Respondents to prepare a proposed order and reserved the right to modify and/or delete any portion before signing the order. Therefore, Turner's argument is without merit. *See Brown v. Peoplease Corp.*, 402 S.C. 476, 486, 741 S.E.2d 761, 766 (Ct. App. 2013) (holding the Commission is not in error when it asks a party to prepare a proposed order reciting the specific findings of fact and rulings of law on the single commissioner's order, and the Commission reserves the right to modify and/or delete any or all portions of the submitted order).

## CONCLUSION

We affirm the Commission's denial of compensation.

**AFFIRMED.**

WILLIAMS and MCDONALD, JJ., concur.