18296

David DOUGLAS, Respondent, v. SPARTAN MILLS, STARTEX
DIVISION, and Liberty Mutual Insurance Company, Appellants

(140 S. E. (2d) 173)

*Messrs. Butler & Chapman,* of Spartanburg, *for Appellants,*

*Messrs. Poliakoff & Poliakoff* and *Kenneth M. Powell,* of Spartanburg, *for Respondent,*

January 20, 1965.

BUSSEY, Justice.

This is a Workmen's Compensation case in which the sole issue is stated by appellants in the following language:

"Did the claimant-respondent sustain an injury by accident arising out of and in the course of his employment when he ran into a bridge abutment, due to a faulty mechanism on his personal automobile, while traveling to an Industrial Commission hearing on his disputed claim for additional benefits because of a prior injury?"

The appellants' statement of the issue is not challenged by the respondent.

The hearing Commissioner, a majority of the full Commission (with two members dissenting), and the circuit court concluded that respondent had sustained an injury by accident, which "arose out of and in the course of his employment", and was entitled to compensation.

The facts are not in dispute and the question of whether or not the accident here is compensable is purely a question of law. *Jordan v. Dixie Chevrolet,* 218 S. C. 73, 61 S. E. (2d) 654. The undisputed facts are as follows.

The claimant lives at Lyman about eleven miles from the Spartanburg County Court House, and has been employed for several years by the employer as a doffer at its mill at

Startex, which is about eight miles from the Spartanburg County Court House and about three miles from Lyman. In September, 1960, claimant sustained a compensable injury and was paid temporary total disability benefits, and thereafter returned to work. He contended that he was entitled to additional compensation for permanent partial disability and disfigurement, and filed a claim therefor, which claim was disputed by the employer. The Industrial Commission set this claim for a hearing at Spartanburg Court House on September 20, 1961, at 11 A. M., claimant having been duly notified of the hearing. He, however, misread this notice, thought the hearing was set for a later date, and reported for work that morning. At about 10 o'clock A. M., the secretary of claimant's attorney called the personnel manager of the mill and asked him to notify the claimant of his Workmen's Compensation hearing at 11 o'clock. In response to this request, the personnel manager notified claimant's supervisor, who, in turn, notified the claimant. As claimant was leaving the mill for the hearing he asked his supervisor if he might return to his work that day, and was advised by the supervisor that if he returned by 12:30 P. M. he could go back on his job, otherwise he should not return until the next day as the supervisor would have to put a second hand in his place by that hour in order to get the work completed.

Claimant then left the mill, went to his home in Lyman, changed his clothes and, while traveling from his home to the court house in Spartanburg, was involved in an automobile accident which occurred when something went wrong with the steering gear in his automobile and he ran into a bridge abutment. His claim for compensation is based on the injuries sustained in this accident.

Neither the hearing Commissioner, the majority of the full Commission, nor the circuit court cited any authority or set forth any reasoning by which the conclusion was reached that the accident here is a compensable one, arising out of and in the course of claimant's employment.

On appeal, no case factually in point is cited by either the claimant or the employer, from this or any other jurisdiction, and research on our part has disclosed no such case. Hence, the case before us is apparently one of completely novel impression.

In oral argument, counsel for the claimant conceded that had claimant gone directly to Spartanburg to the hearing on the morning thereof, instead of going to work, the accident would not have been compensable. It is, however, argued that since he did go to work and was, at the request of the secretary of his attorney, notified or reminded of the hearing by his superiors and let off from work for the purpose of attending the hearing, with the privilege of returning to work that day if he could get back by 12:30, such facts change the picture and make the accident a compensable one. No case in point is cited in support of this argument.

There are numerous decisions interpreting the words "arising out of" and "in the course of employment". While such decisions deal with factual situations totally different from the present one, they are helpful in laying down certain general rules and definitions of these phrases, which are key phrases in determining whether or not a particular accident is compensable within the meaning of the Workmen's Compensation Law.

It is well established, at least in this jurisdiction, that these phrases are used conjunctively and that an accident, in order to be compensable, must both "arise out of" and "in the course of" the employment. In *Eargle v. South Carolina Electric & Gas Co.*, 205 S. C. 423, 32 S. E. (2d) 240, this court said:

"The two elements must co-exist. They must be concurrent and simultaneous. One without the other will not sustain an award; yet the two are so entwined that they are usually considered together in the reported cases; and a discussion of one of them involves the other. * * *

"As is generally held, the words 'arising out of' refer to the origin of the cause of the accident, while the words 'in

the course of employment,' have reference to the time, place and circumstances under which the accident occurs."

In that case the court then went on to quote with approval from Re Employers' Liability Assurance Corporation, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916A, 306, the following language:

" 'It (the injury) arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. The causative danger must be peculiar to the work and not common to the neighborhood. It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and have flowed from that source as a rational consequence.' "

With respect to the meaning of the phrase "in the course of employment", this court, in the recent case of *Fowler v. Abbott Motor Co.*, 236 S. C. 226, 113 S. E. (2d) 737, had the following to say:

"An injury arises in the course of employment within the meaning of the Workmen's Compensation Act when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his duties, and while he is fulfilling those duties, or engaged in doing something incidental thereto."

Applying the foregoing principles to the facts of this case we think the accident here was clearly not a compensable one. The causative danger here was the defective steering apparatus on the claimant's automobile, which we think was clearly independent of the relation of master and servant and not incidental to the character of the business or the employment. We cannot see where the danger here had its origin in any risk connected with the employment or flowed from that source as a rational consequence.

The claimant was employed as a doffer, and his duties as such were required to be performed on the premises of the employer. Certainly, he was not fulfilling those duties at the time of the accident and we cannot see where it can be reasonably said that he was at the time doing anything incidental to his duties as a doffer. In brief, neither the employer, nor the duties of the employee, required anything of the claimant at the time and place of the accident. Claimant was on an errand for his personal benefit, driving his own automobile, and was injured as a result of the same having a defective steering apparatus. The only connection which the employer had with the particular accident was that the employer cooperated with and accommodated the claimant and his attorney in notifying the claimant and letting him off from work for the purpose of attending a hearing which claimant had sought for his own benefit.

While the Workmen's Compensation Act has to be construed liberally in favor of coverage, and doubtful cases should be resolved in favor of the injured employee, we think the accident here clearly did not arise out of and in the course of the employment of the claimant, within the intent of the legislature in enacting the Workmen's Compensation Act. As was said in the case of *Fountain v. Hartsville Oil Mill,* 207 S. C. 119, 32 S. E. (2d) 11,

"If it is the intent of the legislature to include within the terms of the Workmen's Compensation Act employees injured while engaged in activities not in the course of their

employment, though arising indirectly by reason of their employment, then the Act will have to be accordingly amended."

Reversed.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.