687 S.E.2d 337

**Carol Samuel ERVIN, Appellant,**

v.

**RICHLAND MEMORIAL HOSPITAL and Key Risk Management Services, Respondents.**

**No. 4636.**

Court of Appeals of South Carolina.

Heard Sept. 15, 2009.

Decided Dec. 8, 2009.

246

John Nichols, Stacey T. Meyer, Stephen B. Samuels, Joseph R. Dasta, and Aimee Zmroczek, all of Columbia, for Appellant.

Carmelo Sammataro and Michael Chase, both of Columbia, for Respondents.

SHORT, J.

Carol Ervin (Claimant) appeals from the trial court's order affirming the decision of the Appellate Panel of the South

Carolina Workers' Compensation Commission (the Appellate Panel), arguing the court erred in failing to find: (1) her injury was a compensable injury by accident within the meaning of the Workers' Compensation Act; and (2) her injury arose out of her employment. We affirm.

## FACTS

Claimant was employed as a unit secretary by Richland Memorial Hospital (Employer). Claimant's job duties involved answering the phone, greeting hospital visitors and new patients, and entering data. Claimant contended she suffered a compensable injury on October 16, 2003, as a result of an accident arising out of and in the course and scope of her employment, when she was exposed to perfume fragrances. Claimant argued this exposure aggravated and exacerbated a preexisting condition to such a degree that she became permanently and totally disabled.

Claimant contended she was entitled to: (1) a permanent and total disability award; (2) payment of all her past causally-related medical expenses; (3) lifetime medical care for her casually-related medical problems; and (4) future medical expenses, if permanent and total disability award was not granted.

Conversely, Employer argued Claimant's alleged injury was not compensable because Claimant had experienced asthma problems before October 16, 2003. Employer asserted a lack of a casual connection between Claimant's employment and her current health condition because Claimant's exposure in the workplace was no more than what she experienced in her general environment. Employer contended Claimant's preexisting condition had not changed due to her employment, therefore Claimant's prior condition was not exacerbated or aggravated on October 16, 2003.

After a hearing, the single commissioner concluded Claimant suffered a compensable injury by accident arising out of and in the course and scope of her employment because Claimant's preexisting condition was aggravated and exacerbated by her job. The single commissioner found Claimant was permanently and totally disabled, and ordered Employer to pay for all past causally-related medical treatment, as well

as causally-related medical treatment for the rest of Claimant's life. The single commissioner also ordered Employer to pay Claimant a lump sum award for permanent and total disability.

Employer appealed this decision to the Appellate Panel, which reversed the single commissioner. The Appellate Panel found Claimant suffered an injury as a result of her exposure to perfume. However, the Appellate Panel determined the injury was not compensable under South Carolina law because the injury was not the result of an accident arising out of and in the course of Claimant's employment. Additionally, the Appellate Panel held "the causative danger that triggered the Claimant's injury, perfume, was not peculiar to the Claimant's place of work." Claimant appealed to the trial court, which affirmed the Appellate Panel. This appeal followed.

## STANDARD OF REVIEW

■ In reviewing a Workers' Compensation decision, an appellate court may not substitute its judgment for that of the Appellate Panel as to the weight of the evidence on questions of fact unless the Appellate Panel's findings are clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record. *Broughton v. South of the Border,* 336 S.C. 488, 495–96, 520 S.E.2d 634, 637–38 (Ct.App.1999). Substantial evidence is evidence which, considering the record as a whole, would allow reasonable minds to reach the conclusion that the Appellate Panel reached to justify its action. *Id.*

■ The findings of the Appellate Panel are presumed correct and will be set aside only if unsupported by substantial evidence. *Id.* As such, this court will affirm findings of facts made by the Appellate Panel if those findings are supported by substantial evidence. *Id.* An appellate court will not overturn a decision by the Appellate Panel unless the determination is unsupported by substantial evidence or is affected by an error of law. *Id.*

## LAW/ANALYSIS

■ Claimant argues the trial court erred in concluding her injury did not arise out of and in the course of employment. We disagree.

■ To be entitled to compensation for an injury, a claimant must show she suffered an injury by accident which arose out of and in the course of the claimant's employment. *Id.* at 496, 520 S.E.2d at 638. Thus, to be compensated there must be an injury by accident, and such an injury must occur out of and in the course of the employment.

■ The question of whether the compensability of a particular event qualifies as an injury by accident is a question of law. *Grayson v. Gulf Oil Co.,* 292 S.C. 528, 532, 357 S.E.2d 479, 481 (Ct.App.1987). However, the question of whether an accident arises out of and in the course and scope of employment is largely a question of fact for the Appellate Panel, subject to the substantial evidence standard of review. *Broughton,* 336 S.C. at 496, 520 S.E.2d at 638. As such, the claimant bears the burden of proving facts that will bring the incident within the purview of compensability. *Id.* The two parts of the phrase "arising out of and in the course of employment" are not synonymous. *Id.* Rather, both parts must exist simultaneously before recovery is allowed. *Id.*

■ Even if we assume Claimant suffered an injury by accident, to be compensable, such an injury must arise out of and in the course of Claimant's employment. The phrase "arising out of" refers to the injury's origin and cause. *Id.* at 497, 520 S.E.2d at 638. For an injury to "arise out of" employment, the injury must be proximately caused by the employment. *Id.* Therefore, before an injury is deemed to arise out of employment, a causal connection must exist between the conditions under which the work is required to be performed and the resulting injury. *Id.* As the South Carolina Supreme Court has explained:

[The injury] arises "out of" the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises "out of" the employment. But it excludes an injury which cannot

fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. **The causative danger must be peculiar to the work and not common to the neighborhood.** It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

*Douglas v. Spartan Mills, Startex Div.*, 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965) (internal quotations omitted) (emphasis added).

In the present case, the causative danger, the perfume, was exceedingly common.[1] Common sense and day-to-day experience dictates many individuals wear perfume and cologne. Claimant suffered numerous reactions outside of her employment. For example, Claimant testified she had or could have had reactions to perfume at church, the grocery store, a restaurant, and department stores. Based on this, we cannot conclude the Appellate Panel committed reversible error in determining Claimant's accident did not arise out of and in the course and scope of her employment. *Broughton*, 336 S.C. at 495–96, 520 S.E.2d at 637–38 (finding the question of whether an accident arises out of and in the course and scope of employment is largely a question of fact for the Appellate Panel, and as such, an appellate court will affirm if that finding is supported by substantial evidence).[2]

---

1. Claimant also argues exposure to cleaning agents and helicopter fumes resulted in her disability. The trial court ruled only on whether Claimant's exposure to perfume resulted in her alleged disability; thus, this argument is not preserved. *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) (holding for an issue to.be preserved for appeal it must have been raised to and ruled upon by the trial judge).

2. Because we conclude Claimant's injury did not arise out of her employment, we do not address whether Claimant's injury was the result of an accident. *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding this court need not address issues when disposition of a prior issue is dispositive).

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**

WILLIAMS and GEATHERS, JJ., concur.