# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Carolyn M. Nicholson, Claimant, Petitioner,

v.

S.C. Department of Social Services, Employer, and State Accident Fund, Carrier, Defendants, Respondents.

Appellate Case No. 2014-000329

―――――――――

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

―――――――――

Appeal from The Workers' Compensation Commission

―――――――――

Opinion No. 27478
Heard September 24, 2014 – Filed January 14, 2015

―――――――――

## REVERSED AND REMANDED

―――――――――

Kathryn Williams, of Kathryn Williams, PA, of Greenville, for Petitioner.

L. Brenn Watson and Zachary M. Smith, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

―――――――――

**JUSTICE HEARN:** The question in this case is whether a woman who sustains a non-idiopathic fall at her place of employment while performing her job is entitled to receive workers' compensation. Despite how straightforward this issue appears to be, both the single commissioner and the court of appeals found Carolyn Nicholson, who fell while walking down the hallway on her way to a meeting, was not entitled to recover because her fall could have occurred anywhere. We reverse.

## FACTUAL/PROCEDURAL HISTORY

Nicholson, a supervisor in the investigations area of child protective services for the South Carolina Department of Social Services (DSS), was on her way to a meeting when her foot caught on the hall carpet and she fell. She received treatment for pain to her neck, left shoulder, and left side connected with her fall. Nicholson's claim for workers' compensation was denied by the single commissioner because she failed to prove a causal connection between her fall and employment. The commissioner held there was nothing specific to the floor at DSS which contributed to Nicholson's fall and that she could have fallen anywhere.

A split panel of the commission reversed the single commissioner, with two members holding that Nicholson's fall was not unexplained or idiopathic,[1] but rather was a result of the friction on the carpeted area where she was required to work. The panel also noted it was irrelevant that she could have fallen in a similar way in any number of places—she fell at DSS. Accordingly, it held Nicholson's fall arose out of her employment and was therefore compensable.

The court of appeals reversed, holding that although the fall was not unexplained or idiopathic, the carpet was not a hazard or special condition peculiar to her employment that contributed to or caused Nicholson's injuries. *Nicholson v. S.C. Dep't of Soc. Servs.*, 405 S.C. 537, 546–48 784 S.E.2d 256, 261–62 (Ct. App. 2013). Therefore, it concluded her injuries did not arise out of her employment as a matter of law. *Id.* at 551, 784 S.E.2d at 264. We granted certiorari.

---

[1] An idiopathic fall is one that is "brought on by a purely personal condition unrelated to the employment, such as heart attack or seizure." 2 Modern Workers Compensation § 110:8.

## ISSUE PRESENTED

Does an injury arise out of a claimant's employment when she falls while carrying out a task for her employer, but there is no evidence that a specific danger or hazard of the work caused the fall?

## STANDARD OF REVIEW

On appeal from an appellate panel of the Workers' Compensation Commission, this Court can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record. *Pierre v. Seaside Farms, Inc.*, 386 S.C. 534, 540, 689 S.E.2d 615, 618 (2010). "The claimant has the burden of proving facts that will bring the injury within the workers' compensation law, and such award must not be based on surmise, conjecture or speculation." *Crisp v. SouthCo.*, 401 S.C. 627, 641, 738 S.E.2d 835, 842 (2013). In a workers' compensation case, the appellate panel is the ultimate fact-finder. *Pratt v. Morris Roofing, Inc.*, 357 S.C. 619, 622, 594 S.E.2d 272, 273 (2004). However, where there are no disputed facts, the question of whether an accident is compensable is a question of law. *Grant v. Grant Textiles*, 372 S.C. 196, 201, 641 S.E.2d 869, 872 (2007). Workers' compensation law is to be liberally construed in favor of coverage in order to serve the beneficent purpose of the Workers' Compensation Act; only exceptions and restrictions on coverage are to be strictly construed. *James v. Anne's Inc.*, 390 S.C. 188, 198, 701 S.E.2d 730, 735 (2010).

## LAW/ANALYSIS

Nicholson argues the court of appeals erred in finding her injury did not arise out of her employment. Specifically, she contends the court incorrectly focused on whether there was a specific hazard or danger unique to her employment that occasioned her fall. We agree and clarify the framework for this analysis.

For an accidental injury to be compensable, it must "aris[e] out of and in the course of employment." S.C. Code Ann. § 42-1-160(A) (Supp. 2013). An injury arises out of employment if it is proximately caused by the employment. *Douglas v. Spartan Mills, Startex Div.*, 245 S.C. 265, 269, 140 S.E.2d 173, 175 (1965). Therefore "[i]t must be apparent to the rational mind, considering all the circumstances, that a causal relationship exists between the conditions under which

the work is performed and the resulting injury." *Hall v. Desert Aire, Inc.*, 376 S.C. 338, 350, 656 S.E.2d 753, 759 (Ct. App. 2007).

It is undisputed Nicholson's injuries occurred within the course of her employment.   Thus, the only question is whether they arose out of her employment.  In addressing this question, the court of appeals observed that "the causative danger must be peculiar to the work and not common to the neighborhood."  The court reasoned that because carpet was a common danger not peculiar to Nicholson's employment, there was no causal connection between her injuries and her employment.  *Nicholson*, 405 S.C. at 550–51, 748 S.E.2d at 264. In reaching this conclusion, the court relied on a larger pronouncement of the rule found in *Douglas*, 245 S.C. at 269, 140 S.E.2d at 175:

> It (the injury) arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment.  But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment.  The causative danger must be peculiar to the work and not common to the neighborhood.  It must be incidental to the character of the business and not independent of the relation of master and servant.  It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence.

*Id.* at 269, 140 S.E.2d at 175.  We do not read this language to compel the result reached by the court of appeals.  In our view, it simply establishes that an injury is not compensable absent some causal connection to the workplace.  In other words, but for the claimant being at work, the injury would not have occurred.  It does not require claimant to prove her injury is entirely unique to her employment, for any other interpretation would seriously undermine the law of workers' compensation.

For example, a chef may cut himself with a knife, or a carpenter may fall off a ladder just as easily while at home rather than at work. However, this possibility alone does not remove such an accident from the scope of compensation if the accident *occurred* at work. Alleging an accident is not unique to employment, without more, is not a viable basis for denying compensation.[2]

The court of appeals also concluded Nicholson failed to prove a causal connection between her employment and injury because she failed to establish her fall was the result of a hazard or special condition. Specifically, in reversing the appellate panel's award of coverage, the court of appeals held "the only fact connecting Nicholson's fall to her employment is that her injuries occurred while she was working in a carpeted area of DSS's building. The carpet on which Nicholson tripped and fell was not a hazard, a special condition, or peculiar to her employment." *Nicholson*, 405 S.C. at 551, 748 S.E.2d at 264. In support of its analysis, the court relied on *Bagwell v. Burwell*, 227 S.C. 444, 88 S.E.2d 611 (1955), and *Pierre* for the proposition that a claimant must demonstrate some danger or hazard caused the fall. Again, we believe the court of appeals erred in finding those cases controlled this factual scenario.

In *Bagwell*, the claimant suffered an idiopathic fall and died as a result of a

---

[2] Furthermore, this constrained view of recovery is directly contrary to our workers' compensation jurisprudence, which has consistently allowed recovery for accidents that could occur under circumstances not related to employment. *See, e.g.*, *Beam v. State Workmen's Comp. Fund*, 261 S.C. 327, 330, 200 S.E.2d 83, 85 (1973) (affirming award of compensation for two teachers who died in an automobile accident on their way to a meeting); *Allsep v. Daniel Const. Co.*, 216 S.C. 268, 270, 57 S.E.2d 427, 427 (1950) (finding injury arose out of employment where claimant was injured after another employee engaged him in horseplay); *Schrader v. Monarch Mills*, 215 S.C. 357, 359, 55 S.E.2d 285, 286 (1949) (affirming finding that claimant's injuries arose out of his employment where claimant was bitten by a black widow spider); *Lanford v. Clinton Cotton Mills*, 204 S.C. 423, 429–32, 30 S.E.2d 36, 40 (1944) (affirming award of compensation for injuries sustained when claimant was involved in a physical altercation over the repair of crankshaft); *Ardis v. Combined Ins. Co.*, 380 S.C. 313, 323, 669 S.E.2d 628, 633 (Ct. App. 2008) (finding injury arose out of employment as a matter of law where claimant died of asphyxiation from smoke inhalation at the hotel he was staying for a work conference).

subdural hemorrhage caused when his head struck the concrete floor. *Bagwell*, 227 S.C. at 449, 88 S.E.2d at 613. The Court observed the well-settled notion that "[a] physical seizure unrelated to the employment is not such an accident as is compensable." *Id.* at 450–51, 88 S.E.2d at 614. However, it noted that simply concluding the fall was idiopathic was not the end of the inquiry, and that "[i]f, except for the employment, the fall, though due to a cause not related to the employment, would not have carried the consequences it did, then causal connection is established between injury and employment, and the accidental injury arose out of the employment." *Id.* at 453, 88 S.E.2d at 615. Accordingly, the Court proceeded to consider whether a special danger or hazard of claimant's employment contributed to the resultant injury. *Id.* The Court ultimately held the concrete floor was not a hazard of employment capable of bringing his idiopathic fall within the ambit of coverage. *Id.* at 454, 88 S.E.2d at 615.

The *Bagwell* court inquired whether there was a work-related hazard *only* after concluding the injury was not otherwise compensable. It therefore did not examine whether some hazard *caused* the fall, but looked at the *effect* on the resultant injury and whether a hazard increased the severity of the injury. *See* 2 Modern Workers Compensation § 110:8 ("In [one] type of idiopathic fall, employment does not cause the fall but it significantly contributes to the injury by placing the employee in a position which increases the dangerous effects of the fall. These injuries are compensable."). Here, Nicholson is not contending the carpet caused her to sustain a more serious injury; she simply argues she suffered a non-idiopathic fall that was proximately caused by the performance of her employment. *Bagwell* is thus not relevant to this case.

The court of appeals' reliance on *Pierre* is also misplaced. In *Pierre*, the claimant, a migrant worker, was injured when he slipped and fell on a wet sidewalk at the employer-provided housing. *Pierre*, 386 S.C. at 538, 689 S.E.2d at 617. The primary issue involved in *Pierre* was the application of the bunkhouse rule to a claimant who lived at a labor camp but was not expressly required to do so by his employer. *Id.* at 542–48, 689 S.E.2d at 619–22. After concluding Pierre was obligated to live at the camp due to the nature of the employment, the Court proceeded to consider the employer's assertion that Pierre's fall was not compensable because the sidewalk he fell on was no different in character from other sidewalks. *Id.* at 548–49, 689 S.E.2d at 622. The Court rejected this argument and found Pierre was exposed to the wet sidewalk because of his employment and therefore the requisite connection between injury and

employment was established. *Id.*

Based on *Pierre*, the court of appeals held Nicholson could not recover because no special condition or hazard existed on the carpet. This reasoning misses the import of our holding in that case. There, the reference to the hazard or risk of the sidewalk was in response to the argument that because it could have happened anywhere, the fall was noncompensable. The Court's analysis did not hinge on whether the cause of the fall was something that could be characterized as hazardous or dangerous. Instead, it noted Pierre's work brought about his exposure to the situation which led to his fall, and the fact that this circumstance was not unique to his employment did not preclude recovery. Thus, the court of appeals erred in misapplying this isolated language in *Pierre*, which was employed to respond to the employer's argument that his fall could have occurred anywhere. This Court has never stated an injury must stem from a particular hazard or risk of the employment.

The court of appeals erred in requiring a claimant to prove the existence of a hazard or danger because it erroneously injected fault into workers' compensation law. The Workers' Compensation Act was designed to supplant tort law by providing a no-fault system focusing on quick recovery, relatively ascertainable awards, and limited litigation. *Wigfall v. Tideland Utils., Inc.*, 354 S.C. 100, 115, 580 S.E.2d 100, 107 (2003). Therefore, an employee need only prove a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Grant Textiles*, 372 S.C. at 201, 641 S.E.2d at 871. As Professor Larson has aptly observed:

> The right to compensation benefits depends on one simple test: Was there a work-connected injury? Negligence, and, for the most part, fault, are not in issue and cannot affect the result. Let the employer's conduct be flawless in its perfection, and let the employee's be abysmal in its clumsiness, rashness and ineptitude; if the accident arises out of and in the course of employment, the employee receives an award. Reverse the positions, with a careless and stupid employer and a wholly innocent employee and the same award issues.
>
> Thus, the test is not the relation of an individual's personal quality (fault) to an event, but the relationship of an event to an employment. The essence of applying the test is not a matter of assessing blame, but of marking out boundaries.

Arthur Larson & Lex K. Larson, *Larson's Workers' Compensation Law* § 1.03[1] (2014).  Requiring an employee to prove a fall was the "fault" of the employer in creating a danger or hazard is unfaithful to the principles underlying the creation of workers' compensation and turns the entire system on its head.  For an accidental injury to be compensable under the workers' compensation scheme there must be a causal connection between the employment and the injury; that is the test and the claimant need prove nothing more.

Having established the proper framework for this analysis, we turn to the ultimate question of whether Nicholson's fall and subsequent injury were causally connected to her employment. Because the facts surrounding her fall are undisputed, we decide this issue as a matter of law.  *Grant Textiles*, 372 S.C. at 201, 641 S.E.2d at 872.  Quite simply, Nicholson was at work on the way to a meeting when she tripped and fell.  The circumstances of her employment required her to walk down the hallway to perform her responsibilities and in the course of those duties she sustained an injury.  We hold these facts establish a causal connection between her employment and her injuries—the law requires nothing more.  Because Nicholson's fall happened at work and was not caused by a condition peculiar to her, it was causally connected to her employment.  Therefore, her injuries arose out of her employment as a matter of law and she is entitled to workers' compensation.

## CONCLUSION

Based on the foregoing, we reverse the opinion of the court of appeals and remand for reinstatement of Nicholson's award.

**TOAL, C.J., BEATTY, and KITTREDGE, JJ., concur.  PLEICONES, J., concurring in a separate opinion.**

**JUSTICE PLEICONES:** I concur in the decision to reverse the Court of Appeals because, in my opinion, the Commission's finding that petitioner suffered a compensable injury when her foot caught on the carpet was supported by substantial evidence and therefore should have been upheld. *Whigham v. Jackson Dawson Commc'ns*, 410 S.C. 131, 763 S.E.2d 420 (2014). I write separately because I disagree with much of the majority's exposition of law.

The majority commits two errors, in my opinion. First, it misapplies the "arising out of" requirement for compensability by equating it to the "in the course of" requirement. *See e.g. Owings v. Anderson County Sheriff's Dep't*, 315 S.C. 297, 433 S.E.2d 869 (1993) ("in the course of" refers to the time, place, and circumstances under which the accident occurred, while "arising out of" requires a causative connection between employment and the cause of the accident). Second, the majority absolves petitioner of her obligation to present evidence that her unexplained fall on a level surface was the result of special conditions or circumstances. *Bagwell v. Ernest Burnwell, Inc.*, 227 S.C. 444, 88 S.E.2d 611 (1955).

South Carolina is in the minority of jurisdictions that deny compensation for unexplained falls. *Crosby v. Wal-Mart Store, Inc.*, 330 S.C. 489, 499 S.E.2d 253 (1998), citing 1 Arthur Larson & Lex K. Larson, *Workers Compensation Law* § 10.31(a) (1977). Accordingly, it is not enough that a claimant show that she fell while at work but rather, when the fall occurs on a level surface, that she present evidence to explain her fall. *Id.*; *Bagwell, supra*. In my opinion, there is evidence in this record to support the Commission's finding that petitioner met her burden of proving her fall was compensable.

I concur in the decision to reverse the Court of Appeals' decision.