**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Matthew Edwards, Employee, Appellant,

v.

SC Department of Public Safety, Employer, and State Accident Fund, Carrier, Respondents.

Appellate Case No. 2016-001154

―――――――――――

Appeal From The Workers' Compensation Commission

―――――――――――

Unpublished Opinion No. 2019-UP-021
Heard November 6, 2018 – Filed January 9, 2019

―――――――――――

**AFFIRMED**

―――――――――――

John Kirkman Moorhead, of Krause Moorhead & Draisen, PA, of Anderson, for Appellant.

Zachary McIver Smith, of Willson Jones Carter & Baxley, P.A., of Greenville, for Respondents.

―――――――――――

**PER CURIAM:**  Michael Edwards sustained an admitted injury to his back on July 16, 2012, while working at the South Carolina Department of Public Safety (Employer).  Edwards appeals the order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel), arguing it erred in finding (1) he

was not entitled to a lump sum payment[1] and (2) he was not permanently and totally disabled.  We affirm the Appellate Panel's finding regarding permanent and total disability because it was supported by substantial evidence in the record.  *See Nicholson v. S.C. Dep't of Soc. Servs.*, 411 S.C. 381, 384, 769 S.E.2d 1, 2 (2015) ("On appeal from [the Appellate Panel], this [c]ourt can reverse or modify the decision if it is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence in the whole record."); *Fishburne v. ATI Sys. Int'l*, 384 S.C. 76, 85, 681 S.E.2d 595, 600 (Ct. App. 2009) ("[T]he possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." (alteration in original) (quoting *Palmetto All., Inc. v. S.C. Pub. Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E.2d 695, 696 (1984))).  Edwards argues the Appellate Panel incorrectly relied on his refusal to have a spinal cord stimulator to deny permanent and total disability; however, we disagree.  The Appellate Panel considered the medical records, the treating physician's deposition testimony, the functional capacity evaluations, and the vocational report to find Edwards was not permanently and totally disabled.  Although there is conflicting evidence in the record, we find substantial evidence supports the Appellate Panel's finding that Edwards is able to return to some kind of employment.  *See Jordan v. Kelly Co.*, 381 S.C. 483, 487, 674 S.E.2d 166, 169 (2009) (explaining when "the record contains conflicting evidence, this [c]ourt is not in a position to weigh the evidence presented in a workers' compensation hearing").

Accordingly, the Appellate Panel's order is

**AFFIRMED.**

**LOCKEMY, C.J., and THOMAS and GEATHERS, JJ., concur.**

---

[1] At oral arguments, the parties indicated they settled this issue in October 2017 and conceded it was no longer an issue before the court.  Thus, we do not address it.